In re HOPKINS.

(Supreme Court, Appellate Division, Second Department. October 25, 1898.)

1. SALE OF INFANT'S PROPERTY—SUFFICIENCY OF PETITION.

   A petition to sell real property of an infant under 14 years of age, which recites that the infant is the petitioner, but which is executed and acknowledged by his guardian, is the petition of both the infant and guardian, and is sufficient.

2. SAME.

   Under Code Civ. Proc. § 2350, requiring the petition for the sale of an infant's real property to state the particulars and value of his real and personal property, the amount of his income, the disposition which has been made of his personal property, and an account of the debts and demands existing against his estate, except where the application is made for the sale of an undivided interest of the infant to avoid an action of partition upon the part of his co-tenants, a petition which does not contain such statements is insufficient, in the absence of an allegation that the sale was to avoid a partition, or a finding that it was necessary for such object.

Appeal from special term, Kings county.

In the matter of the application of George Stewart Hopkins, an infant, for the sale of real estate. From an order denying a motion

to compel the purchaser to complete his purchase, the guardian appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry A. Monfort, for appellant.
Joseph A. Burr, for respondent.

CULLEN, J.    The petition on which these proceedings were instituted recites that it is the petition of an infant under 14 years of age, by the Kings County Trust Company, his general guardian, and, throughout, the infant, and not the guardian, is described as the petitioner.    Nevertheless, the petition is executed by the guardian on behalf of the infant, and is verified by the president of the guardian. This, in our judgment, constituted the instrument the petition of the committee, despite of its assertion that it was that of the infant.    In fact, it was the petition of both.    We think that the objection to the form of the petition, which is highly technical, is without force.

But we are also of opinion that the petition is defective in failing to state the facts and particulars concerning the real and personal property of the infant, his income, and the debts against his estate, required by section 2350 of the Code of Civil Procedure.    Such statement is necessary in all cases, except where the application is made for the sale of an undivided interest in order to avoid an action of partition.    It appears by the petition that the interest sought to be sold is an undivided one, but there is no allegation that the sale of the interest is necessary to avoid a partition, nor is there any allusion to the possibility of a partition action.    It may be that, from the facts stated in the petition, with or without additional proof, the court might have found that the sale was necessary to avoid an action of partition.    But the order authorizing the sale does not appear in the record before us, and, in the absence of either allegation in the petition that the sale is sought to avoid a partition, or of a finding by the court that the sale was necessary for such object, we cannot assume that this was the ground on which the court proceeded. Whether the defect is one that would, under all circumstances, be fatal to the title of the purchaser, and result in his loss of the property, it is unnecessary to determine.    To say the least, the question is too doubtful of solution to justify us in compelling the purchaser to take the risk of its determination.

The order should be affirmed, with $10 costs and disbursements. All concur.